**FILED**
JAN 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Fred Plummer,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )
                                 )   Civil Action No.   08 0102
The Mayor *et al.*,              )
                                 )
            Defendants.          )
                                 )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case pursuant to 28 U.S.C. § 1915A(b)(2). Under that statute, the Court is required to screen a prisoner's complaint and dismiss it if, among other grounds, the complaint fails to state a claim upon which relief may be granted.

Plaintiff is an inmate at the District of Columbia Jail who allegedly is serving a sentence for three traffic misdemeanor charges to which he pled guilty in the Superior Court of the District of Columbia in November 2006. Plaintiff seeks to withdraw the guilty plea and proceed to trial. He also seeks $50 million in monetary damages. Plaintiff may not recover monetary damages without first invalidating his conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under District of Columbia law,

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject

to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). Because challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), "a District of Columbia prisoner has no recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted), absent a showing of an inadequate or ineffective local remedy. D.C. Code §23-110(g). Plaintiff has not made such a showing here. Accordingly, the complaint will be dismissed by separate Order issued contemporaneously.

_____
United States District Judge

Date: January 9th, 2008